U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED
APR - 4 2011
CLERK, U.S. DISTRICT COURT
By _____
    Deputy

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| TODD A. MEAGHER, ET AL., | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| VS. | § | NO. 4:10-CV-933-A |
| | § | |
| ANDREW GOODFRIEND, ET AL., | § | |
| | § | |
| Defendants. | § | |

MEMORANDUM OPINION
and
ORDER

Before the court for consideration and decision are: (1) a motion of defendant Andrew Goodfriend ("Goodfriend") to dismiss because of (a) improper venue, (b) lack of personal jurisdiction over Goodfriend, and (c) the failure of plaintiffs to state a claim against Goodfriend as the applicable statutes of limitations have run on all of plaintiffs' claims against him; (2) a motion of defendant The Agency Group, Ltd. ("Agency Group") to dismiss because of (a) lack of personal jurisdiction over Agency Group and (b) the failure of plaintiffs to state a claim against Agency Group as the applicable statutes of limitations have run on all of plaintiffs' claims against Agency Group; and (3) the motion of plaintiffs, Todd A. Meagher ("Meagher") and Marilyn D. Garner, Trustee for the Bankruptcy Estate of Todd Entertainment, LLC ("Todd Entertainment"), to remand to the state

court from which the case was removed to this court by Goodfriend.

After having considered such motions, responses thereto, replies to the responses, the notice of removal by which the action was removed to this court, and pertinent legal authorities, the court has concluded that the action should be remanded to the state court from which it was removed and that, because of the remand, the court need not rule on the motions to dismiss.

I.

Background

A.  Nature of Plaintiffs' Claims

This action was initiated on October 7, 2010, in the District Court of Tarrant County, Texas, 67th Judicial District, by Meagher and Todd Entertainment, through its trustee, as plaintiffs, against Goodfriend and Agency Group, as defendants. The causes of action alleged by both plaintiffs against both defendants, based on the same alleged facts, were breach of implied warranty, false representations/DTPA, unconscionability/DTPA, negligence, breach of fiduciary duty, and fraud.

On December 2, 2010, plaintiffs filed their first amended petition in state court, alleging essentially the same causes of action, based on the same facts, they alleged against Goodfriend and Agency Group in the original petition.

B.  The Notice of Removal

The action was removed to this court by notice of removal filed by Goodfriend on December 9, 2010, to which Agency Group consented in writing. The notice of removal alleged subject matter jurisdiction under 28 U.S.C. § 1332, asserting complete diversity of citizenship between plaintiffs, on the one hand, and Goodfriend, on the other, and the existence of an amount in controversy in excess of $75,000.00, exclusive of interest and costs.

The notice of removal alleged that Meagher is a citizen of Texas; that Todd Entertainment is a limited liability company whose members are Meagher and Josh Todd, a citizen of California, thus causing Todd Entertainment to be, for jurisdictional purposes, a citizen of both Texas and California; that Goodfriend is a citizen of New York; and, that Agency Group is a citizen of California for jurisdictional purposes. In an attempt to avoid the potential jurisdictional problem resulting from the lack of complete diversity of citizenship, Goodfriend maintained in his

notice of removal that Agency Group is not a proper party defendant for two reasons: first, because the applicable statutes of limitations have run on all claims alleged by plaintiffs against Agency Group, with the result that there is no reasonable basis for the court to predict that the plaintiffs might be able to recover from Agency Group, and, second, because Agency Group's person is not subject to the jurisdiction of this court, with the result, again, that there is no reasonable basis for this court to predict that plaintiffs might be able to recover against Agency Group.  Goodfriend alleged in his notice of removal that, therefore, Agency Group has been improperly joined as a defendant in the action for no purpose other than to attempt to defeat the diversity jurisdiction that exists as to the causes of action asserted by plaintiffs against Goodfriend.

C.  Goodfriend's Motion to Dismiss

On December 16, 2010, Goodfriend filed his motion to dismiss all causes of action asserted against him by plaintiffs.  The grounds of the motion are that (1) venue is improper, (2) Goodfriend's person is not subject to the jurisdiction of this court, and (3) plaintiffs' claims are barred by the applicable statutes of limitations.  Some of the wording in Goodfriend's motion to dismiss suggests that the limitations defense is urged

only against Meagher, Br. in Supp. of Goodfriend's Mot. to Dismiss at 14 (where a heading says "Meagher's Claims Should Be Dismissed as Untimely"), but other language in the motion makes clear that Goodfriend is urging the limitations defense as to the claims of both plaintiffs. For example, Goodfriend says on the final page of the motion's supporting brief that:

> The alleged actions that form the basis of Plaintiffs' claims must have occurred prior to September 2004 when Plaintiffs' and Goodfriend's relationship ended. Plaintiffs failed to bring their causes of action before the two-year and four- year statutes of limitations had run and thus Plaintiffs' lawsuit is untimely. Goodfriend respectfully requests this Court dismiss Plaintiffs' claims as they are untimely and Plaintiffs have thus failed to state a claim upon which relief may be granted.

Id. at 17.

D.   Agency Group's Motion to Dismiss

On December 22, 2010, Agency Group filed its motion to dismiss all causes of action asserted against it by plaintiffs. The grounds of the motion are that (1) Agency Group's person is not subject to the jurisdiction of this court and (2) plaintiffs' claims against Agency Group are barred by the applicable statutes of limitations.

5

E.   <u>Plaintiffs' Motion to Remand and Opposition Thereto</u>

On January 7, 2011, plaintiffs filed their motion to remand to the state court from which this action was removed. The ground of the motion was that the action was not properly removable because of lack of diversity of citizenship due to the fact that one of the states of citizenship of Todd Entertainment is California and that the state of citizenship of Agency Group likewise is California. Plaintiffs asserted that limitations is not a bar to their causes of action against Agency Group because, while the time periods prescribed by applicable statutes of limitations appear to have run, application of what commonly is referred to as the discovery rule operated to defer accrual of one or more of the pleaded causes of action, thus making plaintiffs' suit timely. Plaintiffs argued that Agency Group's person is subject to this court's jurisdiction.

Goodfriend timely filed an opposition to plaintiffs' motion to remand. Goodfriend devotes a significant part of his opposition to the proposition that the discovery rule upon which plaintiffs rely as delaying accrual of their causes of action is a very limited exception to the statutes of limitations that simply does not apply in this case. And, Goodfriend reurges his contention that another reason why Agency Group should be found

6

to have been improperly joined is that its person is not subject to the court's jurisdiction.

F. <u>Filings Made by the Parties in Response to the Order Concerning a Principle Announced by the Fifth Circuit in <i>Smallwood</i></u>

By order signed March 11, 2011, the court informed the parties of a concern the court had with potential applicability in this action to the holding of the Fifth Circuit in <u>Smallwood v. Illinois Central Railroad Co.</u> that:

> [W]hen a [removing] defendant's showing that there is no reasonable basis for predicting that state law would allow recovery against [a non-diverse] defendant equally disposes of all defendants, there is no improper joinder of the [non-diverse] defendant. In such a situation, the entire suit must be remanded to state court.

385 F.3d 568, 571 (5th Cir. 2004) (en banc).

    1. <u>Plaintiffs' Response</u>

Plaintiffs responded to the court's concern by a document filed March 21, 2011. While denying that any statute of limitations had run as to any of plaintiffs' claims against either of the defendants, and contesting the contentions of defendants that their persons are not subject to the jurisdiction of this court, plaintiffs maintained that the principle announced in <u>Smallwood</u> requires a remand of this action.

7

Plaintiffs noted that Goodfriend and Agency Group make virtually identical allegations in support of their defensive contentions that plaintiffs' claims against them are barred by the applicable statutes of limitations and that those same reasons were given by Goodfriend in his notice of removal as reasons why there is no reasonable basis for a court to predict that plaintiffs might be able to recover against Agency Group. Plaintiffs likewise argued that Goodfriend's contention in the notice of removal that lack of jurisdiction over Agency Group's person causes this court not to have a reasonable basis for predicting that plaintiffs might be able to recover against Agency Group would, if meritorious, be equally applicable to plaintiffs' claims against Goodfriend.

2. Goodfriend's Response

Goodfriend filed his response to the March 11, 2011, order by a document filed March 21, 2011. While Goodfriend seems to acknowledge in his response that an analysis based on the Smallwood principle is appropriate, Goodfriend, citing as his authority the opinion of the Fifth Circuit in Boone v. Citigroup, Inc., 416 F.3d 382 (5th Cir. 2005), contends that the Smallwood principle does not apply here as to the statute-of-limitations defense because "the applicability of the statute of limitations

8

is 'analytically distinct' as between Goodfriend and [Agency Group]." Resp. of Goodfriend at 4.

A similar "analytically distinct" argument was made by Goodfriend in support of his contention that the <u>Smallwood</u> common defense rule is not implicated by the fact that Goodfriend maintains that both he and Agency Group cannot be held liable in this action because this court lacks personal jurisdiction over either of them. On this subject, Goodfriend argues that "[b]ecause Goodfriend and Tag have had different contacts with Texas for jurisdictional purposes, a finding there is no personal jurisdiction over [Agency Group] does not necessarily compel a finding there is no personal jurisdiction over Goodfriend." Resp. of Goodfriend to Ct.'s Order for Supplemental Briefing at 9.

## II.

### Analysis

"The removing party bears the burden of showing that federal subject matter jurisdiction exists and that removal was proper." <u>Manguno v. Prudential Prop. & Cas. Ins. Co.</u>, 276 F.3d 720, 723 (5th Cir. 2002). "Moreover, because the effect of removal is to deprive the state court of an action properly before it, removal raises significant federalism concerns, which mandate strict

construction of the removal statute." Carpenter v. Wichita Falls Indep. Sch. Dist., 44 F.3d 362, 365-66 (5th Cir. 1995). Any doubts about whether removal jurisdiction is proper must therefore be resolved against the exercise of federal jurisdiction. Acuna v. Brown & Root Inc., 200 F.3d 335, 339 (5th Cir. 2000).

For the court to have subject matter jurisdiction on the basis of diversity of citizenship, there must be complete diversity between the plaintiffs and defendants. But, subject to the "common defense" exception mentioned below, if the impediment to removal is that one of the defendants is a citizen of the same state as a plaintiff, diversity jurisdiction can be established upon a showing by the removing party that the joinder of the non-diverse defendant was improper. The defendant seeking removal on that theory bears a heavy burden of proving the impropriety of the joinder of the non-diverse defendant. Smallwood, 385 F.3d at 574.

The "common defense" concept articulated in Smallwood, when applicable, prevents the federal court from having diversity jurisdiction even if there is a showing that there is no possibility of recovery by the plaintiffs against the non-diverse defendant. Supra at 8. If a showing is made that there is no

reasonable basis for predicting recovery against the non-diverse defendant for a defensive reason that is applicable to all defendants and necessarily disposes of the claims against all defendants, the district court errs in deciding the merits of the defense that is offered as the basis for the claim of improper joinder; rather than to do so, the district court should remand the case to the state court from which it was removed. Id. at 571.

In Smallwood, the Fifth Circuit emphasized that the focus of the improper joinder inquiry must be on the joinder, not the merits of the plaintiffs' case. Id. at 573. The test of improper joinder is whether the removing defendant has demonstrated that there is no possibility of recovery by the plaintiff against the non-diverse defendant, "which stated differently means that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against the [non-diverse] defendant." Id. The first inquiry the court is to make in a case removed on a claim of improper joinder of a non-diverse party "is whether the removing party has carried its heavy burden of proving that the joinder was improper." Id. at 576. "[U]ntil the removing party does so, the court does not have the authority to do more; it lacks the

11

jurisdiction to dismiss the case on its merits" and "[i]t must remand to the state court." Id.

Having made the first inquiry in the instant action, the court has concluded that the removing party, Goodfriend, has failed to carry his heavy burden of proving that Agency Group's joinder was improper. Goodfriend has failed to persuade the court that there is no possibility of recovery by either plaintiff on plaintiffs' pleaded causes of action against Agency Group.

As to Goodfriend's contention that it has demonstrated that applicable statutes of limitations bar every claim asserted by plaintiffs against Agency Group, the court notes that, while Goodfriend has persuasive arguments in support of his contention that the discovery rule avoidance of limitations is not available to plaintiffs in this action, the court is unable to conclude from the record before the court that neither plaintiff will be able to prevail against Agency Group by relying on the discovery rule.

The discovery rule operates to defer the accrual of a cause of action until the plaintiff knows, or by exercising reasonable diligence, should know of the facts giving rise to the cause of action. Computer Assocs. Int'l v. Altai, Inc., 918 S.W.2d 453,

12

455 (Tex. 1994). "The discovery rule is a limited exception to strict compliance with the statute of limitations." Id. at 457.

Generally, application of the discovery rule has been permitted in Texas only in those cases in which two elements exist: (1) the nature of the injury incurred is inherently undiscoverable and (2) the evidence of injury is objectively verifiable. Id. at 456. "Inherently undiscoverable encompasses the requirement that the existence of an injury is not ordinarily discoverable, even though due diligence has been used." Id. "Requiring objective verifiability assures that the policy underpinnings of statutes of limitations are met--balancing the possibility of stale or fraudulent claims against individual injustice." Id. at 457 The element of inherent undiscoverability is to be decided on a categorical rather than a case-specific basis because the focus is on whether a type of injury rather than a particular injury is discoverable. See Quigley v. Bennett, 256 S.W.3d 356, 361-62 (Tex. App.--San Antonio 2008, no pet.).

In the evaluation of whether Agency Group has been improperly joined, the court does not need to say for sure what the state court finally will decide on applicability of the discovery rule if the case is remanded; rather, the issue is

whether this court has been persuaded at this point in time that it can predict that neither plaintiff might be able to recover against Agency Group on plaintiffs' pleaded causes of action. The court concludes that it cannot make such a prediction.

Plaintiffs adduced evidence that they learned of facts potentially applicable to their claims against Agency Group on a date that would prevent any of the applicable statutes of limitations from being a bar if the discovery rule were to operate to defer accrual of the causes of action until that date. The court cannot conclude that the injuries claimed by plaintiffs against Agency Group were not inherently undiscoverable before that date. There is evidence that the nature of the relationship between plaintiffs and Agency Group at relevant points in time was such that, before October 10, 2008, plaintiffs would not have had reason to suspect improprieties on the part of Agency Group of the kind about which plaintiffs complain in this action. The evidence indicates that the circumstances were such that the existence of those improprieties could have been inherently undiscoverable. And, the court concludes that, once discovered, the evidence of the injury of which plaintiffs complain is objectively verifiable.

Of particular significance to the court's conclusions relative to the potential of a successful assertion of a limitations defense by Agency Group against plaintiffs is the October 10, 2008 affidavit of Goodfriend in which he disclosed, or contended, that Agency Group did not do the things that would cause it to be entitled to payment for services it had represented it had performed for Todd Entertainment and for which it had received payment. Also, the record contains evidence that the affidavit provided plaintiffs their first knowledge that Agency Group, while purportedly acting on behalf of plaintiffs, engaged in conduct that put plaintiffs at exposure for liability under the Talent Agencies Act.

Nor can the court conclude that there is no reasonable basis for the court to predict that plaintiffs might be able to recover from Agency Group in this action for the reason that Agency Group's person is not subject to this court's jurisdiction. The evidence is that Agency Group's contacts with the State of Texas after plaintiffs started conducting their business from Texas were such that a court, upon full analysis, might well conclude that a Texas court has <u>in personam</u> jurisdiction over Agency Group. While this court cannot say for sure what a Texas court will decide on the <u>in personam</u> jurisdiction issue, this court

concludes that Goodfriend has not made a showing that there is no possibility that a Texas court would conclude that it can exercise <u>in personam</u> jurisdiction over Agency Group on a constitutionally acceptable basis.

For the reasons given above, the court does not need to devote further attention to the <u>Smallwood</u> "common defense" concept. The answer to the first inquiry the court has made pursuant to <u>Smallwood's</u> directive is that Goodfriend has not carried his heavy burden of proving that the joinder of Agency Group as a defendant was improper. Thus, "the court does not have the authority to do more" and "[i]t must remand to the state court." <u>Smallwood</u>, 385 F.3d at 576.

### III.

### Order

Therefore,

The court ORDERS that the above-captioned action by, and is hereby, remanded to the state court from which it was removed.

SIGNED April 4, 2011.

_____
JOHN McBRYDE
United States District Judge

16